

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Honorable F. C. Bolton
Acting President
Agricultural and Mechanical College
   of Texas
College Station, Texas

Dear Sir:

Opinion No. O-5981
Re: Payment of travelling expenses
    incurred for attendance of the
    mid-winter conference of School
    Administrators and Teachers
    Trainers

        Your opinion request of April 22, 1944, reads as
follows:

        "We recently submitted to the State Comp-
troller, for payment, expense accounts of several
members of the staff of the A. & M. College cover-
ing expenses incurred for attendance on the mid-
winter conference of School Administrators and
Teacher Trainers, called by the State Superintend-
ent of Public Instruction. The accounts bear the
approval of the President of the College and the
President of the Board of Directors. The State
Comptroller has withheld his approval of these
accounts and suggests that they be presented to
you for your opinion.

        "We feel that the expense was incurred in
the transaction of 'State business', and that it
was definitely the responsibility and duty of the
A. & M. College to send certain members of its
staff to the conference. The Agricultural and
Mechanical College of Texas is part of the educa-
tional system of the State of Texas and as such

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. C. Bolton, Page 2

has responsibility for proper participation in
any program for the improvement of education in
Texas, particularly when such program is made of-
ficial by being presented as the official program
of our State Department of Education in Texas.
This responsibility of the College would make it
necessary for those members of this staff most
closely associated with the general educational
program of the State, and responsible for the
formulation and conduct of curricula for training
teachers, to be fully informed concerning such
programs; and to that end, to attend such con-
ferences as this.

"This was a conference not only of school
administrators, but of 'Teacher Trainers.' The
training of teachers is part of the essential re-
sponsibility of the College. The work of this
particular conference related especially to the
inclusion of materials in our public school cur-
ricula relating to such problems as conservation,
race relations, war service, etc. Increased em-
phasis on these would necessitate modification of
practices on the part of teacher-training insti-
tutions, and need to have the consideration of
both administrators and teachers in actual charge
of instruction.

"We feel that this case is clearly covered
by your Opinion No. O-4167, and that the travel
having been performed in accordance with the rules
of the Board of Directors of the College, the ex-
pense thereof is properly chargeable against state
funds.

"The individuals whose expense accounts are
involved are:

"The Dean of the School of Arts and Science, under
whose supervision courses in Education are given.

"The Head of the Department of Agricultural Educa-
tion.

Honorable F. C. Bolton, Page 3

"The Head of the Department of Agronomy, under
whose supervision the College offers courses in
soil conservation.

"I would appreciate your opinion of the
matter."

As you know, the current appropriation bill permits
the payment of travelling expenses of State officials and em-
ployees only when such expenses are incurred while travelling
on "State business." As we said in our Opinion No. O-4167:

"'State business' signifies the accomplish-
ment of a governmental function; it requires
that the means and method adopted should be rea-
sonably necessary; it implies that the particular
governmental function involved be one directly en-
trusted to the institution or department assuming
its accomplishment."

In our Opinion No. O-4267, addressed to your College,
we pointed out that the governing boards of the various educa-
tional institutions possess considerable discretion with respect
to the selection of the means and methods by which the functions
of their institutions are to be accomplished, and that their
choice of a particular means or method will not be questioned
by the courts or by this department unless it is clearly shown
that this discretion has been abused.

Tested by these standards, we feel that the facts
stated in your letter reveal that the faculty members mentioned
therein were on State business while attending the mid-winter
conference of School Administrators and Teachers Trainers. It
is our opinion that the expense accounts under consideration
should be approved.

Trusting that the foregoing satisfactorily answers
your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

RDM:fo